UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

HEATHER SCHMELZ,            )
LAUREN WOLF,                )
TYLER MACAULAY AND          )
AMY HARDESTY,               )
                            )
        Plaintiffs,         )
                            ) CAUSE NO:  3:12-cv-354-S
    vs.                     )
                            )
T-MOBILE USA, INC.,         )
                            )
        Defendant.          )

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I.   Nature of the Case

1.   COMES NOW, the Plaintiffs, Heather Schmelz, Lauren Wolf, Tyler Macaulay and Amy Hardesty ("Plaintiffs"), by counsel, and bring this Complaint against the Defendant, T-Mobile USA, Inc., ("T-Mobile"), for violating the Fair Labor Standards Act, ("FLSA"), 29 U.S.C. § 201 et. seq. as amended, and KRS Chapter 337.

## II.   Parties

2.   Heather Schmelz is a citizen of the United States of America and a resident of Harrison County, in the State of Indiana.

3.   Lauren Wolf is a citizen of the United States of America and a resident of Jefferson County, in the Commonwealth of Kentucky.

4.   Tyler Macaulay is a citizen of the United States of America and a resident of Jefferson County, in the Commonwealth of Kentucky.

5. Amy Hardesty is a citizen of the United States of America and a resident of Jefferson County, in the Commonwealth of Kentucky.

6. T-Mobile USA Inc. is a corporation organized under the laws of the State of Washington. It maintains an office in Jefferson County, Kentucky and conducts substantial business within the Commonwealth.

### III. Jurisdiction and Venue

7. This Court has jurisdiction over the subject matter of the case pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367 and 29 U.S.C. § 216(b).

8. Plaintiffs' state law claims arise from the same common nucleus of operative facts as her federal law claims and all of her claims form a single case and controversy under Article III of the United States Constitution.

9. T-Mobile is an "employer" as that term is defined by 29 U.S.C. § 203(d) and KRS 337.010(1)(d).

10. Plaintiffs, at all times relevant, were "employees" as that term is defined by 29 U.S.C. § 203(e)(1) and KRS 337.010(1)(e).

11. All of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. Factual Allegations of Plaintiff Heather Schmelz

12. Schmelz was hired by T-Mobile on or about June, 2009.

13. Schmelz was the Retail Sales Lead Manager at the T-Mobile store located at 4251 Towne Center Drive, in Louisville, Kentucky.

14. Due to family issues involving the Store Manager, Schmelz performed most of the job responsibilities and duties of the Store Manager.

15. Pursuant to T-Mobile's policy, employees were required to receive one (1) thirty (30) minute lunch break if they worked over a five (5) hour shift. Pursuant to the policy, employees were required to be clocked out for that break and were not supposed to be performing any work for T-Mobile during that time. However, the Store Manager, Melanie Myers ("Myers"), would manually clock out her employees from work at their designated lunch time without any regard as to whether they were actually permitted to take lunch. Employees were required to continue performing work for T-Mobile during their lunch breaks without being paid for that time worked.

16. On numerous occasions, Schmelz was assisting a customer during her designated lunch time and did not take a lunch, but was still manually clocked out by Myersand not paid for that time worked.

17. Sunday shifts were extremely busy and only two employees would work on Sundays. Therefore, Schmelz did not receive a lunchbreak on Sundays, but was still manually clocked out for her designated lunch time and not paid for that time worked.

18. If a customer entered the store duringSchmelz's designated lunch, she would be required to assist them and not paid for that time worked.

19. On or about October of 2011, Schmelz was told that she would be the next Store Manager when a position opened up at any location in the Kentucky East area. In January of 2012, Schmelz was told the Store Manager at another location was leaving, so she applied for the position in February. She went through an initial interview process with a corporate officer and was next to be interviewed by the District Manager, Chris Good ("Good"), on March 14, 2012.

20. On or about February of 2012, on behalf of herself and the employees that reported to her, Schmelz made a complaint to Good about concerns with her Store Manager's non-performance of her duties and the clock-out policy within the store. All of the employees in Schmelz's store had previously complained to her about the clock-out policy concerning their lunches. She was told by Good that he would look into it.

21. Good then canceled Schmelz's interview scheduled for March 14, 2012, and retaliated against Schmelz for her complaint about the store's break policies by terminating her employment on March 19, 2012.

22. At all times relevant, Schmelz met or exceeded T-Mobile's legitimate performance expectations.

### V.    Factual Allegations of Plaintiff Lauren Wolf

23. Wolf was hired by T-Mobile on or about October, 2009.

24. Wolf was a Retail Sales Associate at the T-Mobile store located at 4251 Towne Center Drive, in Louisville, Kentucky.

25. Pursuant to T-Mobile's policy, employees were required to receive one (1) thirty (30) minute lunch break if they worked over a five (5) hour shift. Pursuant to the policy, employees were required to be clocked out for that break and were not supposed to be performing any work for T-Mobile during that time. However, the Store Manager, Melanie Myers ("Myers"), would manually clock out her employees from work at their designated lunch time without any regard as to whether they were actually permitted to take lunch. Employees were required to continue performing work for T-Mobile during their lunch breaks without being paid for that time worked.

26. On numerous occasions, Wolf was assisting a customer during her designated lunch time and did not take a lunch, but was still manually clocked out by Myers and not paid for that time worked.

27. Sunday shifts were extremely busy and only two employees would work on Sundays. Therefore, Wolf did not receive a lunch break on Sundays, but was still manually clocked out for her designated lunch time and not paid for that time worked.

28. If a customer entered the store during Wolf's designated lunch, she would be required to assist them and not paid for that time worked.

29. At all times relevant, Wolf met or exceeded Defendant's legitimate performance expectations.

### VI. Factual Allegations of Plaintiff Tyler Macaulay

31. Macaulay was hired by the Defendant on August 11, 2008.

32. Macaulay was a Retail Sales Associate at the T-Mobile store located at 4251 Towne Center Drive, in Louisville, Kentucky.

33. Pursuant to T-Mobile's policy, employees were required to receive one (1) thirty (30) minute lunch break if they worked over a five (5) hour shift. Pursuant to the policy, employees were required to be clocked out for that break and were not supposed to be performing any work for T-Mobile during that time. However, the Store Manager, Melanie Myers ("Myers"), would manually clock out her employees from work at their designated lunch time without any regard as to whether they were actually permitted to take lunch. Employees were required to continue performing work for T-Mobile during their lunch breaks without being paid for that time worked.

34. On numerous occasions, Macaulay was assisting a customer during his designated lunch time and did not take a lunch, but was still manually clocked out by Myers and not paid for that time worked.

35. Sunday shifts were extremely busy and only two employees would work on Sundays. Therefore, Macaulay did not receive a lunch break on Sundays, but was still manually clocked out for his designated lunch time and not paid for that time worked.

36. If a customer entered the store during Macaulay's designated lunch, he would be required to assist them and not paid for that time worked.

37. At all times relevant, Macaulay met or exceeded Defendant's legitimate performance expectations.

### VII.   Factual Allegations of Plaintiff Amy Hardesty

38. Hardesty was hired by the Defendant in November of 2008.

39. Hardesty was a Retail Sales Associate at the T-Mobile store located at 4251 Towne Center Drive, in Louisville, Kentucky.

40. Pursuant to T-Mobile's policy, employees were required to receive one (1) thirty (30) minute lunch break if they worked over a five (5) hour shift. Pursuant to the policy, employees were required to be clocked out for that break and were not supposed to be performing any work for T-Mobile during that time. However, the Store Manager, Melanie Myers ("Myers"), would manually clock out her employees from work at their designated lunch time without any regard as to whether they were actually permitted to take lunch. Employees were required to continue performing work for T-Mobile during their lunch breaks without being paid for that time worked.

6

41. On numerous occasions, Hardesty was assisting a customer during her designated lunch time and did not take a lunch, but was still manually clocked out by Myers and not paid for that time worked.

42. Sunday shifts were extremely busy and only two employees would work on Sundays. Therefore, Hardesty did not receive a lunch break on Sundays, but was still manually clocked out for her designated lunch time and not paid for that time worked.

43. If a customer entered the store during Hardesty's designated lunch, she would be required to assist them and not paid for that time worked.

44. At all times relevant, Hardesty met or exceeded Defendant's legitimate performance expectations.

## VIII.  Legal Allegations

### Count I:  Violation of the FLSA

45. Plaintiffs hereby incorporate by reference paragraphs one (1) through forty-four(44) of their Complaint.

46. Defendant's actions and failure to pay wages were in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

47. Defendant's actions were intentional, malicious, and done with reckless disregard for the Plaintiffs' legally protected rights.

48. Plaintiffs have suffered damages as a result of Defendant's conduct.

### Count II:  Violation of the FLSA—Retaliation

49. Schmelz hereby incorporates by reference paragraphs one (1) through twenty-two (22) of her Complaint.

50. Defendant retaliated against Schmelz by terminating her employment or otherwise discriminating against her for complaining about potential violations of the FLSA.

51. Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq.

52. Defendant's actions were intentional, malicious, and done with reckless disregard for Schmelz's legally protected rights.

53. Schmelz has suffered damages as a result of Defendant's conduct.

### Count III:  Violation of KRS Chapter 337—Failure to Pay Wages

54. Plaintiffs hereby incorporate by reference paragraphs one (1) through fifty-three (53) of their Complaint.

55. Plaintiffs performed compensable work during what was supposed to be their lunch breaks, and Defendant did not pay them for their work performed.

56. Defendant has failed to timely and fully pay Plaintiffs their earned wages within the meaning of KRS Chapter 337.

57. Defendant's actions were intentional, malicious, and done with reckless disregard of Plaintiffs' legally protected rights.

58. Plaintiffs have suffered damages as a result of Defendant's conduct.

### IX.   Requested Relief

WHEREFORE, Plaintiffs, Heather Schmelz, Lauren Wolf, Tyler Macaulay and Amy Hardesty, by counsel, respectfully request that this Court find for Plaintiffs and:

1. Award Plaintiffs all compensation lost (including lost wages, bonuses, benefits and any other perquisite of their employment) in an amount sufficient to compensate them for the damages caused by Defendant's unlawful acts;

  2. Award Plaintiffs liquidated damages under the FLSA and KRS Chapter 337;

  3. Award Plaintiffs compensatory damages under the FLSA for Defendant's retaliatory actions against Schmelz;

  4. Award Schmelz punitive damages for Defendant's retaliatory acts against Schmelzin violation of the FLSA;

  5. Award Plaintiffs their attorney fees, litigation expenses, and costs incurred as a result of this action;

  6. Award Plaintiffs pre- and post-judgment interest on all sums recoverable; and

  7. Grant such other relief as may be just and proper.

Respectfully submitted,

/s/Andrew Dutkanych
Andrew Dutkanych III, Attorney No. 91190
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiffs*

## DEMAND FOR JURY TRIAL

The Plaintiffs, Heather Schmelz, Lauren Wolf, Tyler Macaulay and Amy Hardesty, by counsel, respectfully request a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Andrew Dutkanych
Andrew Dutkanych III, Attorney No. 91190
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana  47708
Telephone:   (812) 424-1000
Facsimile:   (812) 424-1005
Email:       ad@bdlegal.com

*Attorneys for Plaintiffs*